UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )
|---|---|
| **UNITED STATES** | ) |
| | ) |
| v. | ) |
| | ) |
| **GILBERTO ECHEVARRIA,** | ) Criminal No. 13-cr-10073-DJC |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                        **August 9, 2018**

**I.     Introduction**

Petitioner Gilberto Echevarria ("Echevarria") has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2255 based upon alleged ineffective assistance of his counsel in connection with his plea and sentencing. D. 63. For the foregoing reasons, the Court DENIES the Petition.

**II.    Echevarria's Grounds for Relief**

In the Petition, Echevarria contends that his sentence was imposed in violation of the Constitution because he was deprived of his right to be represented by effective counsel during plea and sentencing. D. 63. His particular grounds, pressed now on a *pro se* basis,[1] include a myriad of alleged deficiencies in the representation of him by prior counsel at his plea and sentencing ("counsel"), D. 63; D. 76 at 2-5, that the Court addresses below.

---

[1] The Court had previously appointed an attorney for Echevarria in this matter, D. 80, but as to the grounds in the original Petition that remain live, appointed counsel for the purposes of this Section 2255 petition does not represent Echevarria as to any of these grounds except as to the ground relating to his prior counsel's alleged failure to file a notice of appeal given his invocation of <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). D. 102 at 3, 5-6.

1

### III. Standard of Review

Pursuant to 28 U.S.C. § 2255, an individual may move to vacate his sentence if such "sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). "To succeed on a claim of ineffective assistance of counsel under the Sixth Amendment, [the petitioner] must show both deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). "[T]o satisfy the 'deficient performance' prong, [the petitioner] must show that his trial counsel's representation 'fell below an objective standard of reasonableness.'" Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984). "In order to satisfy the 'prejudice' prong, [a petitioner] must establish that 'but for his counsel's deficiency, there is a reasonable probability that he would have received a different sentence.'" Id. (quoting Porter v. McCollum, 558 U.S. 30, 40 (2009)). Only a "reasonable probability" that is "sufficient to undermine confidence in the outcome" will satisfy the prejudice prong. Strickland, 466 U.S. at 694. Accordingly, "not all errors by counsel are sufficient to meet the standard of a reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (quoting Strickland, 466 U.S. at 693-94). It is well settled that the prejudice prong is a "highly demanding" and "heavy burden" for a petitioner to satisfy. Id. at 15 (internal citation omitted).

### IV. Discussion

Having reviewed not only the relevant parts of the record including but not limited to the Petition, Echevarria's supplemental filing, D. 102, and the government's opposition, D. 76, but

also having had the benefit of reviewing Echevarria's affidavit, D. 63 at 7-9, and the affidavit of his counsel below, D. 74, the Court addresses each of the grounds that petitioner raises in the Petition in turn. As to each of these grounds, the Court finds that Echevarria has not satisfied even the first prong of the Strickland standard, namely that his counsel's conduct was deficient. See Knight, 447 F.3d at 15 (noting that a petitioner's "failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong").

First, there is no credible evidence that counsel failed to investigate the charges here. The Court credits counsel's affidavit detailing same, D. 74 at 2, and the Court is aware of the nature of the evidence, including consensually recorded conversations, against the petitioner.

Second, it was not deficient for counsel not to challenge federal jurisdiction as to the firearm possession and heroin distribution crimes charged under federal law against Echevarria, D. 3 (indictment charging petitioner with ten counts including charges under 21 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1)), as there was no viable basis to do so. D. 74 at 1. (To the extent that Echevarria also raised this issue as a separate ground for his Petition, it also fails for the same, aforementioned reasons).

Third, counsel was not ineffective in failing to raise the defense of the entrapment. The Court credits counsel's affidavit that he discussed the elements of this defense with his client. D. 74 at 2. More significantly, as to the Strickland prejudice prong, there was no evidence in the record to suggest (and Echevarria points to none now) that indicates that he could show that he was not otherwise predisposed to commit any of the charged crimes, a necessary element for successfully invoking this defense. United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir. 1988) (noting that an entrapment defense requires a showing of "(1) government inducement of the

accused to engage in criminal conduct, and (2) the accused's lack of predisposition to engage in such conduct").

Fourth, counsel did not fail his client in neglecting to make what Echevarria characterizes as "Sentencing Factor Manipulation" arguments at sentencing. D. 63 at 7. Counsel filed objections to the PSR on Echevarria's behalf, D. 74-1 and, contrary to Echevarria's affidavit claiming otherwise, D. 63 at 8, counsel also filed a sentencing memorandum on his behalf that advocated for a sentence below the GSR for a career offender as it had been calculated by Probation. D. 45. Although the Court did not adopt his recommendation of an 80-month sentence, the Court imposed a 120-month sentence, significantly below the 151-188-month GSR range for a career offender, the status that Echevarria claims that counsel failed to challenge to his detriment. In its statement of reasons for the judgment, the Court cited a number of the points made by counsel on Echevarria's behalf in mitigation of a higher sentence including his significant drug use and that his limited profit from drug and firearm sales was to fuel that heroin addiction. D. 51-1 at 4-5. As to this ground, the Court does not find counsel's conduct deficient. (To the extent that Echevarria also raised this issue as a separate ground for his Petition, it also fails for the same, aforementioned reasons).

Fifth, the Court finds no credible evidence that Echevarria was coerced into pleading guilty. Weighing Echevarria's conclusory assertion regarding same, D. 63 at 7, against the totality of the record including but not limited to counsel's affidavit regarding the course of their interaction (which the Court credits), D. 74 at 3-6, and the plea colloquy that the Court conducted, D. 35, the Court rejects this ground as evidencing deficient performance by counsel.

Sixth, as discussed above, counsel did not fail to challenge the PSR, as discussed above, D. 74-1 and D. 45, and, therefore, counsel was not deficient in this matter as alleged by Echevarria.

4

Seventh, although counsel chose not to challenge *per se* the calculation of Echevarria's criminal history category for calculation of the advisory GSR, it is unclear from the Petition what viable grounds there would have been to do so or that such challenge would have been successful. More significantly, counsel argued at sentencing that Echevarria should receive a sentence far below the advisory GSR because of his personal circumstances, as discussed above.

Eighth, Echevarria's argument that his representation below was deficient because counsel failed to prepare and file a sentencing memorandum is simply specious since counsel did so. D. 45.

Lastly, his claim that he received ineffective assistance of counsel because counsel failed to file a notice of appeal requires some more discussion than the other claims, but also fails. As an initial matter and on this record, the Court does not conclude that an evidentiary hearing is warranted in this case. A petitioner bears the burden of showing the need for same, Garvey v. United States, No. 08-10353-MLW, 2010 WL 5437227, at *2 (D. Mass. December 23, 2010), and he has not done so here. In making this determination, the Court "need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." Id. That is, "when a 2255 motion (1) is inadequate on its face or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case," an evidentiary hearing is unnecessary." Id. For the reasons stated above as to the other of Echevarria's claims, such is the case as to those other grounds for the Petition, but the Court also concludes that no evidentiary hearing is necessary as to the alleged failure to file a notice of appeal.

As to this issue as well, the Court has reviewed the affidavits of both Echevarria and counsel. The Court credits counsel's attesting that he discussed the right to appeal and unlikelihood of success on appeal. D. 74 at 5. Although Echevarria's affidavit indicates that he

5

"wanted to appeal," D. 63 at 8, it does not attest that he asked counsel to file a notice of appeal on his behalf. Counsel attested that Echevarria "did not request that I enter an appeal for him; had he done so, I would have complied." D. 74 at 5. Although counsel could not "categorically state" that Echevarria did not do so sometime after July 22, 2014 (after the 14-day period to enter an appeal had passed), he had no recollection of having received such a request. D. 74 at 6. Even on this record, the Court cannot say that the alleged failure to honor a request that it is not clear was even made constitutes deficient performance by counsel. Even assuming *arguendo*, however, that it was deficient as alleged Echevarria, he has failed to show prejudice here where, for all of the reasons discussed above, no viable grounds for appeal have been identified.

**V.    Certificate of Appealability**

A petitioner may receive a certificate of appealability only if he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion. Id. Accordingly, the Court is not inclined to issue a certificate of appealability but will give the petitioner until August 30, 2018 to file a memorandum, not to exceed five pages, if he desires to address the issue of whether a certificate of appealability is warranted as to the Petition.

## VI. Conclusion

For all of the foregoing reasons, the Court DENIES Echevarria's petition for writ of habeas corpus, D. 63.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge